IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

10197964

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | DOCKET NO. DR-16-CR-01638 (01) |
| Olvin Enrique Romero-Aguilar | § | **P18CR 589** |

### TRANSFER OF JURISDICTION

On this day came on to be considered the above-styled and numbered cause. Defendant Olvin Enrique Romero-Aguilar began his term of Supervised Release on November 9, 2017, and was deported. Olvin Enrique Romero-Aguilar was arrested for a new offense of Possession of Marijuana with Intent to Distribute on June 11, 2018, in Presidio County, Texas. He is currently under a non-reporting term of supervised release with the United States Probation Office, Del Rio Division, until November 8, 2020. Given the commission of the new offense near Pecos, Texas, the Court finds that jurisdiction of this case should be transferred from the Del Rio Division to the Pecos Division.

It is therefore ORDERED that the above-styled and numbered cause be, and it is hereby, TRANSFERRED to the PECOS DIVISION OF THE WESTERN DISTRICT OF TEXAS.

It is further ORDERED that the District Clerk's Office in Del Rio, Texas, transfer the file to the District Clerk's Office in Pecos, Texas.

SIGNED AND ENTERED this _____ day of _____, 2018.

_____
Honorable Alia Moses
U.S. District Judge

A true copy of the original I certify.
Clerk, U.S. District Court
By_____
Deputy Clerk



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED
2016 NOV 30 AM 10: 36
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | Cause No.: |
| v. | § § | **INDICTMENT** |
| OLVIN ENRIQUE ROMERO-AGUILAR | § § § § | [COUNT 1: 18 U.S.C. § 111(a)(1): Assault on Federal Officer.] |

**DR16CR1638**

THE GRAND JURY CHARGES:

COUNT ONE
[18 U.S.C. § 111(a)(1)]

On or about November 5, 2016, in the Western District of Texas, Defendant,

**OLVIN ENRIQUE ROMERO-AGUILAR,**

did knowingly and intentionally did forcibly assault, resist, oppose, impede, intimidate, or interfere with United States Border Patrol Agent E.G., who is an officer or employee of an agency of the United States, while E.G. was engaged in and on account of the performance of his official duties, and such acts involved physical contact with E.G., in violation of Title 18, United States Code, Section 111(a)(1).

A TRUE BILL

FOREPERSON

RICHAR L. DURBIN, JR.
United States Attorney

By: _____
LEWIS ASHTON THOMAS
Assistant United States Attorney

SEALED:
UNSEALED: XX

# DR16CR1638

## PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: <u>MAVERICK</u>  USAO#: <u>2016R19194</u>

DATE: <u>NOVEMBER 30, 2016</u>  MAG. CT. #: <u>DR16-11494M</u>

AUSA: <u>LEWIS ASHTON THOMAS</u>

DEFENDANT: <u>OLVIN ENRIQUE ROMERO-AGUILAR</u>

CITIZENSHIP: <u>HONDURAS</u>

INTERPRETER NEEDED: <u>YES</u>  LANGUAGE: <u>SPANISH</u>

DEFENSE ATTORNEY: <u>DALILA PADILLA PAXTON</u>

ADDRESS OF ATTORNEY: <u>2205 VETERANS BLVD. STE. A-2, DEL RIO, TEXAS 78840</u>

DEFENDANT IS: <u>DETAINED</u>  DATE OF ARREST: <u>NOVEMBER 5, 2016</u>

BENCH WARRANT NEEDED: <u>NO</u>

PROBATION OFFICER: <u>N/A</u>

NAME AND ADDRESS OF SURETY: <u>N/A</u>

YOUTH CORRECTIONS ACT APPLICABLE: <u>NO</u>

PROSECUTION BY: <u>INDICTMENT</u>

OFFENSE: (Code & Description): <u>18 U.S.C. § 111(a)(1): Assault on Federal Officer.</u>

OFFENSE IS: <u>FELONY</u>

MAXIMUM SENTENCE: <u>0-8 years imprisonment; a $250,000 fine; 3 years of supervised release; and a $100 special assessment.</u>

PENALTY IS MANDATORY: <u>YES & NO</u>

REMARKS: <u>See above</u>

W/DT-CR-3

AO 245 B (Rev. 06/05)(W.D.TX) – Judgment in a Criminal Case

# United States District Court FILED
## Western District of Texas
### DEL RIO DIVISION

JUL 1 4 2017

CLERK, U S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.

OLVIN ENRIQUE ROMERO-AGUILAR

Defendant.

Case Number: DR-16-CR-01638-AM(1)
USM Number: 81658-380

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, OLVIN ENRIQUE ROMERO-AGUILAR, was represented by Dalila Padilla Paxton.

The defendant pled guilty to Count(s) One of the Indictment on March 9, 2017. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 111 | Assault on Federal Officer | November 5, 2016 | One |

As pronounced on July 12, 2017, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Signed this the 14th day of July, 2017

_____
ALIA MOSES
United States District Judge

Arresting Agency: BP - Eagle Pass

DEFENDANT:     OLVIN ENRIQUE ROMERO-AGUILAR
CASE NUMBER:   DR-16-CR-01638-AM(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 14 months as to count One with credit for time served since November 5, 2016, pursuant to 18 U.S.C. § 3584(a).

The Court makes the following recommendations to the Bureau of Prisons

That the defendant be incarcerated as close to Del Rio, Texas, as possible.

The defendant shall remain in custody pending the service of sentence.

# RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

```
                                            UNITED STATES MARSHAL

                                      BY    _____
                                            DEPUTY UNITED STATES MARSHAL
```

DEFENDANT: OLVIN ENRIQUE ROMERO-AGUILAR
CASE NUMBER: DR-16-CR-01638-AM(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this court.

DEFENDANT: OLVIN ENRIQUE ROMERO-AGUILAR
CASE NUMBER: DR-16-CR-01638-AM(1)

DEFENDANT:         OLVIN ENRIQUE ROMERO-AGUILAR
CASE NUMBER:       DR-16-CR-01638-AM(1)

## CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not unlawfully possess a controlled substance.

3) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court) but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4) The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

5) If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et. seq.) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

6) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

7) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

8) The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9) The defendant shall notify the court of any marital change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

**Standard Conditions:**

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the Court or probation officer instructs the defendant to report to a different probation office or within a different time frame. The defendant shall not leave the judicial district without permission of the court or probation officer.

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3) The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court.

4) The defendant shall answer truthfully the questions asked by the probation officer.

5) The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

7) The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless excused from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless excused from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

DEFENDANT: OLVIN ENRIQUE ROMERO-AGUILAR
CASE NUMBER: DR-16-CR-01638-AM(1)

8) The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the Court.

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10) The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the Court may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13) The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

14) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pays such penalties in accordance with the Schedule of Payments sheet of the judgment.

15) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

16) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the Court, unless the defendant is in compliance with the payment schedule.

17) If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally reenter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office, or as ordered by the Court.

DEFENDANT: OLVIN ENRIQUE ROMERO-AGUILAR
CASE NUMBER: DR-16-CR-01638-AM(1)

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 111 E. Broadway, Suite 100 Del Rio, Texas 78840.
The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTAL: | $100.00        | $.00     | $.00            |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $100.00. The debt is incurred immediately.

### Fine

The fine is waived because of the defendant's inability to pay

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# Barcode Version 2.1.0

## Main Document, No Attachments

Created By:
  Benavides, Michael

Route To:
  Benavides, Michael

Document Description:
  Other:PB12 RVK

Case Number:
  PE:18-CR-00589

Judge:
  Counts, David

PROB 12C
(07/93)

# UNITED STATES DISTRICT COURT
for
## WESTERN DISTRICT OF TEXAS

FILED
AUG 21 2018
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Olvin Enrique Romero-Aguilar    Case Number: DR-16-CR-01638 (01)

Name of Sentencing Judicial Officer: The Honorable Alia Moses, United States District Judge

Date of Original Sentence: July 12, 2017

Original Offense: Assault on Federal Officer, Title 18 U.S.C. § 111

Original Sentence: 14 months imprisonment and a 3 year term of supervised release

Type of Supervision: Supervised Release    Date Supervision Commenced: November 9, 2017

Assistant U.S. Attorney: Paul T. Harle    Defense Attorney: Dalila Padilla Paxton (AFPD)

### PREVIOUS COURT ACTION

None.

A true copy of the original, I certify.
Clerk U.S. District Court
By_____ Deputy

### PETITIONING THE COURT

☒ The issuance of a warrant
☐ The issuance of a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **Mandatory Condition No. 1:** The defendant shall not commit another federal, state, or local crime during the term of supervision. |
| 2. | **Standard Condition No. 17:** If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally reenter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office, or as ordered by the Court. |

On or about June 11, 2018, Olvin Enrique Romero-Aguilar, an alien and citizen of Honduras, was found in the United States having been previously been denied admission, excluded, deported or removed from the United States on or about January 2, 2018, and the offender had not received the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security, the successor for this function pursuant to 6 U.S.C. §§ 202(3), 202(4), & 557, to reapply for admission, being voluntarily in the United States in violation of 8 U.S.C. § 1326(a)&(b).

An Indictment under Docket No. P-18-CR-00470 was filed in the United States District Court, Western District of Texas-Pecos Division on July 12, 2018. The Indictment charges Romero-Aguilar in violation of 21 U.S.C. §§ 952 & 960 and 18 U.S.C. § 2, Possession of Marihuana with Intent to Distribute.

The defendant is currently on a term of supervised release in the Western District of Texas-Del Rio Division, which is set to expire on November 8, 2020.

U.S. Probation Officer Recommendation:

The term of supervision should be

☒ revoked. (Maximum penalty: __2__ years imprisonment; __3__ years supervised release; and payment of any unsatisfied monetary sanction previously imposed)

☐ extended for _____ years for a total term of _____ years

☐ The conditions of supervision should be modified as follows:

Approved:

Ramiro F. Cruz
Supervising U.S. Probation Officer

Respectfully Submitted,

Edward V. Lomas
U.S. Probation Officer,
Date: August 7, 2018
Telephone #: 830-308-6357

Approved:

Matthew H. Watters
Assistant U.S. Attorney

cc: Victor Calderon
    Assistant Deputy Chief U.S. Probation Officer

THE COURT ORDERS:

☐ No action.

☑ The issuance of a warrant. Bond is set in the amount of $ _Detain_ cash/surety with supervision by the United States Probation Office to continue as a condition of release.

☐ The issuance of a summons.

☐ Other _____

_____
Honorable Alia Moses
U.S. District Judge

8/21/18
_____
Date

# Barcode Version 2.1.0

Main Document, No Attachments

Created By:
Benavides, Michael

Route To:
Benavides, Michael

Document Description:
Other:WARRANT ISSUED

Case Number:
PE:18-CR-00589

Judge:
Counts, David



10197964

# UNITED STATES DISTRICT COURT

Western District of Texas

**P18CR 589**

UNITED STATES OF AMERICA

V.

OLVIN ENRIQUE ROMERO-AGUILAR

**WARRANT FOR ARREST**

Case Number: DR-16-CR-01638 (01)

# 81658-380

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest      OLVIN ENRIQUE ROMERO-AGUILAR
_____
Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☐ Order of court  ☐ Probation Violation Petition  ☒ Supervised Release Violation Petition  ☐ Violation Notice

charging him or her with (brief description of offense)

VIOLATION OF CONDITIONS OF SUPERVISED RELEASE
(SEE ATTACHED COPY)

A true copy of the original, I certify
Clerk U.S. District Court

By _____
Deputy

in violation of Title(s)  _____   United States Code, Section(s)   SEE ATTACHED PETITION

C.J. Elizalde
_____
Name of Issuing Officer

Signature of Issuing Officer

U.S. DEPUTY CLERK                8/21/2018                Del Rio, TX
_____   _____
Title of Issuing Officer             Date and Location

DATE ISSUED     8/21/2018

Bail fixed at $     DETAIN       by     U.S. District Judge Alia Moses
                                         Name of Judicial Officer

## RETURN

This warrant was received and executed with the arrest of the above-named defendant at

TOJ from Del Rio to Peccs @ Peccs WC

DATE RECEIVED: 8-23-18
DATE OF ARREST: 8-23-18

(A) M. Thomas       Hilda Williams
Name and Title of Arresting Officer    Signature of Arresting Officer